# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Christina Swartz,<br><div align="right">Plaintiff</div><br>v.<br><br>JPMorgan Chase Bank, N.A.,<br><div align="right">Defendant</div> | Docket No. 3:21-cv-1064-JPW<br><br>(JUDGE JENNIFER P. WILSON)<br><br><br><br>ELECTRONICALLY FILED |

## AMENDED COMPLAINT

### I.      INTRODUCTION

1.      This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the Act"). Defendant made multiple calls to Plaintiff on a number assigned to a cellular telephone service using equipment regulated by the Act.

### II.      JURISDICTION AND VENUE

2.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Financial Services, Inc.*, 565 U.S. 368 (2012).

3.      Venue in this Court is proper in that Plaintiff resides here, the

conduct complained of occurred here, and Defendant transacts business

here.

## III.   PARTIES

4.      Plaintiff is a natural person residing at 1139 Amherst Street,

Scranton, PA 18504.

5.      Defendant, JPMorgan Chase Bank, N.A., is a bank with a place

of business located at 1111 Polaris Parkway, Columbus, OH 43240. At

all relevant times, Defendant placed calls to individuals in this state.

## IV.   STATEMENT OF CLAIM

6.      Plaintiff is, and at all relevant times was, a "person" as defined

by 47 U.S.C. § 153(39).

7.      Defendant is, and at all relevant times was, a "person" as

defined by 47 U.S.C. § 153(39).

8.      Plaintiff has a cellular telephone number, which ends in 1723,

that she has had at all relevant times.[1] Plaintiff has only used this

---

[1] Defendant is already in possession of the Plaintiff's full cellular
telephone number.

number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

9.    At all relevant times this phone number has been assigned to a cellular telephone service.

### Count 1- Violation of the Act

10.    The foregoing paragraphs are incorporated herein by reference.

11.    Congress enacted the Act to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."

12.    Defendant caused to be made at least 15 calls to Plaintiff's cellular telephone number using an artificial voice or prerecorded voice.

13.    For example, on May 26, 2019, Defendant called Plaintiff and left an automated message which stated: "This is an important message from Chase Card Services. Please return this call today at 1-800-236-0657 or visit www.chase.com. Thank you."

14.    By way of further example, Defendant called Plaintiff and left automated messages, identical to the one set forth in the previous

paragraph, on May 28, 2019, May 30, 2019, June 9, 2019, August 6, 2019, August 8, 2019.[2]

15.   Additionally, Defendant placed telephone calls to Plaintiff's cellular telephone number using a random or sequential number generator. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

16.   Specifically, Defendant placed over 160 additional telephone calls to Plaintiff's cellular telephone number using equipment which utilized a random or sequential number generator when storing telephone numbers to be called, such as in determining the order in which to pick phone numbers from a preproduced list. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

_____

[2] The list of dates on which telephone calls were placed is not an exhaustive list, and is being provided to alleviate Defendant's concern that it was not put on notice of the claim. (*See* Doc. 10.) Plaintiff expects that Defendant possesses a list of all calls it placed to her, including information about which calls were placed using an artificial or prerecorded voice.

17.    By way of example, and not limitation, Defendant placed calls to Plaintiff's cellular telephone number, but did not utilize an automated message, on June 17, 2019, July 9, 2019, July 25, 2019, August 18, 2019, and October 5, 2019.

18.    By way of example, and not limitation, the caller identification information that was transmitted to Plaintiff's cellular telephone displayed one of the following telephone numbers for the calls Defendant placed to her: (210) 520-0146, (210) 520-6400, (407) 732-2416, (813) 372-1900, (847) 426-8085, and (847) 426-9138.

19.    Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

20.    Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and Plaintiff's cellular telephone line.

21.    Defendant's phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

22.    These telephone calls were not made for emergency purposes, as defined in 47 C.F.R. § 64.1200.

23. These telephone calls were not made with the Plaintiff's prior express consent.[3]

24. These telephone calls were placed while Plaintiff was in the United States.

25. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call Defendant caused to be made to Plaintiff's cellular telephone number.

26. Plaintiff is also entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

---

[3] Prior express consent is an affirmative defense for a TCPA claim. *See Daubert v. NRA Grp., LLC*, 861 F.3d 382 (3d Cir. 2017)(recognizing that prior express consent is a defense to liability); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017)("Express consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof.") A plaintiff is not required to "plead around" affirmative defenses. *See Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014)("a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense."

27.    For each violation that was made willfully and/or knowingly,

the Court may, in its discretion, increase the amount of the award to an

amount equal to, but not more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendant for

statutory damages between $500.00 and $1,500.00 per call, costs,

equitable relief, and such other and further relief as the Court deems

just and proper.

## V.    DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

_s/ Brett Freeman_
Brett Freeman
Bar Number: PA 308834
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA  18512
Attorney for Plaintiff
Phone (570) 341-9000
Fax (570) 504-2769
bfecf@sabatinilawfirm.com