IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA SWARTZ, | : | Civil No. 3:21-CV-01064 |
| Plaintiff, | : | |
| v. | : | |
| JPMORGAN CHASE BANK, N.A., | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 16.) This action was brought by Plaintiff, Christina Swartz ("Swartz"), to recover damages for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by Defendant, JPMorgan Chase Bank, N.A. ("Chase"). (Doc. 13.) Chase has moved to dismiss the single-count amended complaint, which consists of Swartz's claim that Chase violated the TCPA when it made multiple telephone calls to Swartz. (Doc. 17, p. 6.)[1] The court holds that Swartz has stated a claim for relief that is plausible on its face and, therefore, will deny the motion to dismiss. (Doc. 16.)

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to her amended complaint, Swartz, who is a resident of Scranton, Pennsylvania, received many phone calls from Chase. (Doc. 13, ¶¶ 4–5, 16.) The

---

[1] For ease of reference, the court utilizes the page number from the CM/ECF header.

1

calls began on approximately May 26, 2019, and continued through the rest of the year.  (*Id.* ¶¶ 13–14, 17.)  In total, Chase allegedly made over 160 telephone calls to Swartz, with at least 15 of those calls utilizing an automated or prerecorded voice.  (*Id.* ¶¶ 12, 16.)  Swartz has provided telephone numbers Chase purportedly used when making these calls, as well as the content of one message from Chase which did not use Ms. Swartz's name.  (*Id.* ¶¶ 13, 18.)  Finally, Swartz claims that these calls were made without her prior express consent.  (*Id.* ¶ 23.)

On June 16, 2021, Chase removed Swartz's original complaint from the Lackawanna County Court of Common Pleas to this court.  (Doc. 1.)  Chase then filed a motion to dismiss Swartz's complaint on July 7, 2021.  (Doc. 9.)  On July 23, 2021, Swartz filed an amended complaint.  (Doc. 13.)  Chase filed the instant motion to dismiss and supporting brief on August 13, 2021, asserting that Swartz's TCPA claim fails as a matter of law.  (Docs. 16, 17.)  On August 23, 2021, Swartz filed a brief in opposition.  (Doc. 19.)  Chase timely filed a reply brief.  (Doc. 22.)  Thus, this motion is ripe for review.

## JURISDICTION

The court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as the matter in dispute is a federal question.  Further, venue is appropriate

because Plaintiff resides in the Middle District of Pennsylvania and the action detailed in the amended complaint occurred in the Middle District of Pennsylvania.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

Chase argues that Swartz failed to state a claim for relief that is plausible on its face. (Doc. 17, p. 6.) To successfully advance a TCPA claim under facts

relevant to this case, the plaintiff must plead that the defendant called the plaintiff's cellular telephone without the plaintiff's prior express consent either: (1) using an automated telephone dialing system ("ATDS" or "autodialer"); or (2) using an automated or prerecorded voice.  47 U.S.C. § 227(b)(1)(A) and (B).  Chase contends that Swartz's claim fails because she expressly consented to receive telephone calls from Chase and failed to plausibly allege that the calls from Chase were made with an ATDS.  (Doc. 17.)  The court will address these arguments seriatim.

> **A. Swartz has plausibly alleged that she did not give prior express consent to receive telephone calls from Chase.**

"Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls." *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 389 (3d. Cir. 2017) (internal citations omitted).  The TCPA bars any person within the United States from calling a cellular telephone number using an ATDS or an artificial or prerecorded voice without that person's "prior express consent." *Id.*; 47 U.S.C. § 227(b)(1)(A) and (B).  Therefore, a plaintiff must plead a lack of prior express consent to advance a claim under the TCPA.  Chase moves to dismiss Swartz's claim for violations of the TCPA because Chase claims that Swartz gave

express consent for telephone contact when she applied for a Chase credit card. (Doc. 17, pp. 6, 10.)

Here, Swartz pleaded that Chase's telephone calls were made without Swartz's prior express consent. (Doc. 13, ¶ 23.) In response, Chase claims that Swartz did, in fact, give consent to Chase to call her. (Doc. 17, pp. 6, 10.) Chase provides two exhibits in support of this contention. (Doc. 17-1, pp. 3–49.) Exhibit A features an account application and Exhibit B is a cardmember agreement, each purportedly belonging to Swartz. (*Id.*) Chase claims that this court should consider these exhibits because they represent "indisputably authentic" documents. (Doc. 17, p. 5, n.2.) However, Chase's factual allegations arise from documents outside of the amended complaint. (*See* Doc. 17.) To resolve a motion to dismiss, this court is bound to examine only the factual allegations included in Plaintiff's amended complaint and no others. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Thus, this court will not consider Chase's factual allegations.

In addition, the documents Chase provides to substantiate its claims are not "indisputably authentic" documents. (Doc. 17-1, pp. 3–49.) At the motion to dismiss stage, a court may only consider "indisputably authentic" documents or documents that the plaintiff relies on or are integral to its complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). The documents Chase provides do not meet these standards. They are not public records; Swartz disputes their

5

authenticity; and they are not integral to Swartz's amended complaint. (Doc. 19, pp. 5–7.) Moreover, Swartz does not rely on Chase's exhibits to advance her claim. (Doc. 13.) Swartz does not attach these documents to her amended complaint or state any facts relating to her relationship with Chase. (*Id.*) Therefore, this court will not consider the purported account application and cardmember agreement. (Doc. 17-1, pp. 3–49.)

Swartz claims that Chase made calls to her without her prior express consent. (Doc. 13, ¶ 23.) Swartz neither confirms nor denies that she had a prior existing relationship with Chase. (Doc. 13.) However, to advance a TCPA claim, Swartz is not required to define the precise nature of her relationship, if any, with Chase. *Gager v. Dell Financial Services, LLC*, 727 F.3d 265, 268 (3d. Cir. 2013) (holding that, under the TCPA, a consumer who previously had dealings with a company was entitled to revoke her prior express consent at will); *In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253, 1258–60 (S.D. Cal. 2012) (refusing to take judicial notice of invoices defendant provided to support its claim that plaintiffs had given prior express consent and holding that while it is helpful in a TCPA claim for a plaintiff to allege the absence of a prior existing relationship, it is not necessary to advance a claim). Indeed, even if the court were to accept Chase's claim that Swartz previously had dealings with it, it would remain plausible that Swartz had either not effectively given her prior express consent or

6

that she later revoked her consent. Whether Swartz effectively consented to telephone calls from Chase will best be explored with the benefit of discovery. Thus, the court finds that Swartz sufficiently pleaded that Chase's alleged telephone calls were made without her prior consent.

## B. Swartz has plausibly alleged that Chase called her using an ATDS.

Chase also moves to dismiss Swartz's TCPA claim because Chase argues that Swartz failed to plausibly allege that Chase used an ATDS. (Doc. 17, pp. 7–9.) Swartz counters that her allegation that Chase used an ATDS is sufficient to survive a challenge at the pleading stage. (Doc. 19, pp. 10–11.)

In situations such as this case, a TCPA claim requires that the defendant have used either: (1) an automatic telephone dialing system ("ATDS" or "autodialer"); or (2) an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A) and (B) (prohibiting any use of an ATDS or artificial/prerecorded voice to call certain telephone lines). An autodialer is equipment which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and dial such numbers. 47 U.S.C. § 227(a)(1). The Supreme Court recently held that the definition of an ATDS is relatively narrow. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1170–71 (2021). For example, using a standard cellular telephone to speed dial or send automated text messages does not fall under the TCPA's restrictions. *Id.* at 1171. In addition, login notification systems

that send automated texts to users, like that used by Facebook, possess some autodialer qualities, but they also do not meet the definition of "autodialer" under the TCPA. *Id.* at 1170. Instead, the TCPA's restrictions were designed to target "a unique type of telemarketing equipment." *Id.* at 1171. An ATDS can include only those telephone systems that use a "random or sequential number generator" to store or produce telephone numbers. *Id.* at 1173.

Because the Supreme Court held that an autodialer requires such specific technology, some courts have held that determining whether a defendant used an ATDS is more appropriately determined on a summary judgment motion than a motion to dismiss. *Miles v. Medicredit, Inc.*, No. 4:20-CV-01186, 2021 U.S. Dist. LEXIS 131128, at *10 (E.D. Mo. July 14, 2021) (citing *Gross v. GG Homes, Inc.*, No. 3:21-cv-00271, 2021 U.S. Dist. LEXIS 127596 (S.D. Cal. July 8, 2021) and holding that because the court could not determine whether defendant used autodialer technology, plaintiff's TCPA claim could proceed); *Libby v. Nat'l Republican Senatorial Comm.*, No. 5:21-cv-197, 2021 U.S. Dist. LEXIS 140103, at *8–9 (W.D. Tex. July 27, 2021) (holding plaintiff's TCPA claim should survive dismissal and reasoning "no plaintiff will have personal knowledge of the

defendant's telephone system at the pleadings stage—only the defendant will have that knowledge").

Here, in arguing that Swartz failed to plausibly allege that Chase used an ATDS, Chase relies on numerous decisions predating *Duguid*. (Doc. 17, p. 8.) However, the Supreme Court's ruling in *Duguid* fundamentally changed the landscape of TCPA litigation, particularly with respect to the issue of the adequacy of a plaintiff's allegation regarding ATDS usage. *See* Kristen P. Watson & Katherine E. West, *What's in a Name? How the Definition of "Automatic Telephone Dialing System" and Ever-Changing Technology Required Supreme Court Intervention*, 44 AM. J. TRIAL ADVOC. 293, 313–20 (2021) (describing the impact of the Supreme Court's decision in the context of a circuit split on the definition of an ATDS). Thus, on the element of ATDS usage in this case, this court will rely more heavily on persuasive decisions that postdate *Duguid*.

However, even if this court considers the factors cited by pre-*Duguid* courts, Swartz still prevails. For example, a court in this district dismissed a plaintiff's TCPA claim because the plaintiff failed to claim the number of calls the defendant made, the dates the calls were made, or to provide other, similar factual allegations in support of its claim. *Leon v. Target Corp.*, No. 3:15-CV-01, 2015 U.S. Dist. LEXIS 34490, at *5–8 (M.D. Pa. Mar. 19, 2015). Similarly, a court in the Third Circuit dismissed a plaintiff's TCPA claim when it held that the plaintiff had not

9

pled "any facts" relevant to an ATDS or an artificial or prerecorded voice. *Despot v. Allied Interstate, Inc.*, No. CV 15-15, 2016 U.S. Dist. LEXIS 118646, at *17–18 (W.D. Pa. Sept. 2, 2016). Unlike the plaintiffs in *Leon* or *Despot*, however, Swartz has pleaded a series of facts relevant to an ATDS or an artificial or prerecorded voice, including: 1) the cellular telephone called; 2) the content of an automated message; 3) the dates of the calls; 4) the calling telephone numbers; and 5) the number of calls. (Doc. 13, ¶¶ 8–9, 13–14, 16–18.) The facts Swartz has pleaded are sufficient to survive a motion to dismiss even under the standards courts used prior to the *Duguid* decision.

In sum, Swartz has pleaded sufficient facts to support her claim against Chase under 47 U.S.C. § 227(b)(1)(A)(iii) as to the use of an ATDS for the following two reasons. First, Swartz has sufficiently pleaded facts supporting her allegation that Chase used an ATDS. Second, given the Supreme Court's decision in *Duguid*, determining whether Chase used an ATDS when it allegedly made calls to Swartz will be more appropriate at summary judgment than in a motion to dismiss. Without the benefit of discovery, it would be extremely unlikely that Swartz could gain knowledge of the specific type of telephone technology Chase employed. With discovery, Swartz may be able to provide facts that support her claim that Chase used an ATDS. At the same time, Chase will have an equal opportunity to defend against claims that it used an ATDS. For these reasons, this

court concludes that Swartz has pleaded sufficient facts to support her TCPA claim against Chase as it relates to ATDS usage.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss, Doc. 16, will be denied. An appropriate order follows.

                                        s/Jennifer P. Wilson
                                        JENNIFER P. WILSON
                                        United States District Court Judge
                                        Middle District of Pennsylvania

Dated: March 31, 2022